## *JOHN MILLER v. COMMISSIONERS OF LOGAN COUNTY.

1. **RIGHT TO LOCATE COUNTY DITCH OVER EXISTING TOWNSHIP DITCH.**

   · An injunction will not be granted to restrain the board of county commissioners from constructing a county ditch—for the reason that a part of the line is over and along the line of an established township ditch.

2. **DETERMINATION OF QUESTION OF BENEFITS TO LANDS.**

   A court of equity will not determine the question of benefits accruing to the lands lying along the line of a proposed ditch, in the absence of allegations of collusion or fraud on the part of the board of county commissioners.

3. **RIGHT OF APPEAL NOT CUT OFF BY FALSE RECORD.**

   An injunction will be allowed to restrain the board of county commissioners from further proceeding to construct a county ditch—when it appears that it has by its act—not of record—deprived a land-owner of an appeal to the probate court, upon his demand for compensation for land actually appropriated for the construction of such ditch, but the injunction will not reach prior acts.

INJUNCTION.

MOORE, J.

This action was originally brought to enjoin the defendants from locating and constructing a certain ditch petitioned for by the defendants Elizabeth Mc-Neirnon, Thomas Doures et al., on the 7th of March, 1887.

The petition and bond were filed as provided by statute, and on the 11th of March, 1887, the commissioners made the preliminary view of the premises—and on the 15th of March, they reported their findings that the improvement was necessary and would be conducive to the public health, etc., and the best route for the ditch; and at the same time appointed the defendant Henry C. Moore engineer, to go upon the line and perform the duties provided by statute.

On the 2d of April, the engineer thus appointed filed his report with the auditor of the county, with his estimate of expenses, etc., reporting that the lands of the plaintiff would be benefited, and apportioned thereto $125.42 of the costs thereof, and the 27th of April was fixed as the time for the hearing upon such report; that adjournments were had by such board until May 10, 1887, at which time the report was confirmed, and the engineer ordered to proceed on May 23, 1887, to sell and let contracts for the work of construction.

That 1,898 feet of the ditch so sought to be made was on the land of the plaintiff, and 1,490 feet of it is upon and along the exact line of an established and constructed township ditch, which ditch has been constructed at a large expense and cost to the plaintiff.

That the construction of the proposed ditch will cause an appropriation of at least one and one-half acres of plaintiff's land, of the value of $100, and cause injury and damage to the remainder by reason thereof, in the sum of $300.

That on April 27, being the date of hearing of said engineer's report, the plaintiff filed his claim in court for compensation for lands sought to be appropriated, and damages for injuries resulting, etc., and also excepted to the apportionment.

---

* This judgment was affirmed by the supreme court, without report, March 22, 1892.

That in fact—although on the 10th of May, 1887, the commissioners did announce that they would allow $50 per acre for the land appropriated—they did not on that day, nor subsequently, up to the filing of the petition May 21, make any award to the plaintiff for the land actually appropriated. And it is agreed to for the purposes of this case, that on the 23d of May, 1887, the day fixed to sell the contract for the construction of this ditch, the commissioners made the award for compensation to the plaintiff, and had the same entered upon their journal and record of proceedings, as of May 10, 1887.

It is also averred that the lands of the plaintiff that are assessed for the improvement, will not be benefited by it.

Three claims are made on the part of the plaintiff:

First—That the board of county commissioners had no authority to locate and construct the proposed ditch along and over the line of an established and constructed township ditch.

Second—That the plaintiff's premises are not benefited by the proposed improvement.

Third—That by the action of the board of county commissioners the plaintiff was deprived of his right to have determined by a jury his compensation for his lands sought to be appropriated.

As to the first—

This court has upon more than one occasion held that such action of the commissioners in locating a county ditch for a portion of the way along its line upon that of a township ditch makes no ground for the intervention of a court of equity.

First—Because the two easements may exist together. They subserve a common object and purpose, and the jurisdiction of either would not interfere with the exercise of it by the other. Each has but an easement in the land, and neither easement may destroy or interfere with the other.

Second—If any question is to be made growing out of such action of the commissioners, it should be made to the board at the time fixed for the hearing of the report, and upon such hearing any person aggrieved can take error under sec. 850, Rev. Stat., and have a full and adequate remedy at law. See Haff v. Fuller, 45 O. S., 495.

The second proposition was passed upon in the introduction of the evidence. The determination of the question as to whether a land owner's premises will be benefited by the improvement, is lodged with the board of county commissioners, and very properly so. The commissioners are supposed to be selected and elected because of their qualifications for this kind of work. They have a view of the premises, and, with the aid of the engineer, have every facility afforded them to determine the question, even to a judicial enquiry upon the filing of exceptions, as provided by sec. 4462, Rev. Stat., and unless it is shown that there is some collusion, fraud, or positive wrong perpetrated, the action of the board of county commissioners in this particular will not be disturbed.

The remaining proposition presents a question that could not be raised upon the record.

The right of every person to have compensation paid to him or secured to be paid by a deposit of money, is guaranteed by section nine of the Bill of Rights. And by the same section his right to have such compensation assessed by a jury is given him. To meet the requirements of that constitutional provision, sec. 4463, Rev. Stat., provides for an appeal from the action of the board of county commissioners awarding compensation and damages to the probate court, the subsequent sections providing for the jury trial, etc.

The section giving the right to the appeal, limits the time within which it can be taken to ten days. Section 4463, Rev. Stat.

' . The action of the board of county commissioners making an award for compensation and damages on the 23d of May, and entering it as of the 10th day of May—deprived the plaintiff of his right of appeal and of his right to have his compensation for his lands sought to be appropriated assessed by a jury. Such a record, if filed in the probate court, would fail to give it jurisdiction, because the plaintiff in this action could not have perfected his appeal within the ten days after the 10th of May.

While it perhaps cannot be said that the commissioners intended by their act to do any positive wrong or to deprive the plaintiff of any right—yet such action on their part operated as a fraud upon Miller, and deprived him of a substantial and constitutional right—the one I have named.

It appears that all the proceedings of the court prior to the findings and orders purporting to have been made on the 10th day of May, 1887, are regular—and in compliance with the statute.

The decree of the court is that the orders and proceedings of the board of county commissioners, made and purporting to be made on the 10th of May, 1887, and subsequent thereto, be perpetually enjoined—and that the injunction heretofore existing enjoining the proceedings had prior to the 10th of May, 1887, be vacated. And that the defendants, the board of county commissioners, pay the costs of this action.

. James Kernan, for plaintiff.
W. S. Plum, for defendants.

---

# PLEADING—GUARANTY—NEW TRIAL.    620